UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)
---------------------------------------------------------X
In Re:

PEARL KATZ,

                  Debtor.

---------------------------------------------------------X

Case No 18-22861(rdd)

Chapter 13

## OPPOSITION TO MOTION TO AVOID LIEN

**TO:** **THE HONORABLE ROBERT D. DRAIN.,**
      **UNITED STATES BANKRUPTCY JUDGE:**

The Opposition of PNC Bank, National Association ("Creditor"), by its attorneys, Jenelle C. Arnold, Esq., states the following under penalty of perjury:

**I.    BACKGROUND**

1. Creditor is the holder of a Home Equity Line of Credit ("HELOC") in the amount of $350,000.00 dated February 3, 2004. To secure its obligation under the Note, Joseph E. Katz and Pearl Katz, (the "Borrowers") gave Creditor a Credit Line Mortgage on the real property known as 2 Crown Court Monsey NY 10952 *aka* 19 Calvert Drive, (the "Subject Property"). A copy of the HELOC and Credit Line Mortgage are attached to Creditor's Proof of Claim No. 3, and incorporated herein by reference.

2. On June 30, 2010, this account was charged off and has been filed as a total debt claim in Debtor's bankruptcy case, as the full amount is due and owing.

3. On June 5, 2018, the Debtor, Pearl Katz, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under Bankruptcy Number 18-22861-rdd.

4. On August 8, 2018 Creditor filed a total debt Proof of Claim in the amount

of $354,208.85. *See*, CCR, Claim no. 3-1.

6. On August 3, 2018, Bayview Loan Servicing filed a Proof of Claim No. 2-1, in regard to the senior lien encumbering the Subject Property. The Claim is listed at $635,429.91. Debtor is currently seeking to expunge Bayview's claim in its entirety. *See* PACER Docket No. 20.

7. On November 8, 2018, Debtor filed a Motion Reclassify Claims of PNC Bank. N.A., in which Debtor is seeking to treat PNC's claim as wholly unsecured. Debtor's Motion is based off of an appraisal dated May 25, 2018, wherein the Property was valued at $565,000.00. In support of the Motion, Debtor lists Bayview's claim in the amount of $635,429.91. Debtor is currently seeking to treat Bayview's claim as void and to expunge it from the Bankruptcy case, thus leaving PNC's claim as the only secured claim encumbering the Subject Property. *See* PACER Docket No. 19, 20.

8. Creditor has retained an appraiser, who has not been able to get in touch or received a call back from Debtor to set up the Appraisal of the Subject Property.

9. Online research on Zillow.com indicates the estimated value is $1,398,996.00. A copy of the Zillow.com report is attached hereto as Exhibit No. 1.

10. As a result, there is sufficient equity in the property for both the senior and junior loan, and the lien avoidance is not warranted.

## II. THE OBJECTION

### A. DEBTOR CANNOT MODIFY CREDITOR'S CLAIM AS DEBTOR DOES NOT HAVE A 100% LEGAL AND EQUITABLE INTEREST

11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such

creditor's interest in the estate's interest in such property. Only the estate's interest in the property can be valued under section 506. *See,* In re Rodriguez, 156 B.R. 659 (Bankr.E.D.Cal.1993). However, "a debtor holding only a fractional interest in property cannot utilize section 506 to value a secured claim." 156 B.R. at 660. 11 U.S.C. § 524(a)(2) states that the effect of a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). In other words, section 524(a) provides for the discharge of personal liability on certain debts of the debtor. Section 524 does not, however, provide for the release of personal liability for a third party non-debtor. To the contrary, 11 U.S.C. § 524(e) provides that a "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). The bankruptcy court does not have the authority to release the liability of non-debtors, and a plan which contains such a provision may not be confirmed. *See,* In re Lowenschuss, 67 F.3d 1394 (9th Cir. 1995).

Here, Debtor's ultimate goal is to avoid Creditor's lien through the instant Motion in order to have her Chapter 13 Plan confirmed, and then to discharge liability upon plan completion. However, in the present case, co-borrower Joseph E. Katz, is not a party to the Bankruptcy Case. Despite this fact, Debtor is seeking to avoid Creditor's lien and treat it as wholly unsecured and then deem the lien as void upon Plan completion and receipt of discharge. As a result, Debtor is attempting to obtain a Court Order which would release the liability of a non-debtor, which this Court does not have the authority to do. As Debtor does not own the Subject Property as wholly separate property, Debtor cannot utilize 11 U.S.C. § 506 to value and avoid Creditor's secured claim. If this were permitted, it would result in substantial confusion as

to the rights and obligations between the Debtor and Co-Borrower, which in turn, will result in conflicting obligations. Based upon the foregoing, Creditor requests that the Court deny Debtor's Motion to Avoid Lien, as the ultimate result will be a violation of section 524(e).

B. **EVEN ASSUMING ARGUENDO THAT DEBTOR HAD SUFFICIENT INTEREST IN THE SUBJECT PROPERTY TO MODIFY CREDITOR'S CLAIM, CREDITOR'S LIEN STILL COULD NOT BE VALUED AT ZERO AND TREATED AS UNSECURED BECAUSE CREDITOR'S LIEN IS NOT WHOLLY UNSECURED**

Section 506 of the Bankruptcy Code provides, in pertinent part:

(a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest...
(d) To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void, unless –
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Section 103(a) of the Bankruptcy Code makes Chapter 5 and, thus, § 506(a) and (d) applicable to Chapter 13 cases. Section 506 governs the determination and treatment of secured claims in bankruptcy cases. *See*, e.g., Shook v. CBIC (In re Shook), 278 B.R. 815, 822 (B.A.P. 9th Cir. 2002). Generally, a claim is secured only by the value of the property to which the lien is attached. *See*, e.g., United States v. Ron Pair Enters, Inc., 489 U.S. 235, 239 (1989) (stating that § 506(a) "provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured"); Shook, 278 B.R. at 822 (observing that § 506(a) permits "bifurcation of an allowed claim into its secured and unsecured components according to the value of the collateral"). Section 506(a) can lead to three possible

valuation alternatives: (1) if the secured claim is less than the value of the underlying collateral, the claims is fully secured; (2) if the secured claim partially exceeds the value of the underlying collateral, the claim is bifurcated into secured and unsecured components; or (3) if the secured claim completely exceeds the value of the underlying collateral, the claim is asserted to entirely "strip off," leaving the creditor wholly unsecured. *See*, e.g., In re Barnes, 207 B.R. 588, 590 (Bankr. N.D. Ill. 1997) (citing Dewsnup v. Timm, 502 U.S. 410, 412 (1992)). However, Section 1322(b)(2) prohibits a Chapter 13 Debtor from relying on Section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence. *See*, Nobelman v. American Sav. Bank, 508 U.S. 324 (1993).

In the present case, Creditor's HELOC is not subject to avoidance under Section 506(d) because Creditor is informed and believes that Creditor's claim is not wholly unsecured. Creditor is in the process of obtaining an Appraisal of the Subject Property. Creditor's appraiser has been attempting to reach Debtor to set up the appraisal, but unfortunately has not received a response back from Debtor to set up access to the Subject Property. Creditor reviewed Zillow.com, which revealed an estimated value over $1,000,000.00. *See,* Exhibit 1. Further, Debtor is attempting to wholly void the senior lien held by Bayview Loan Servicing, encumbering the Subject Property. That Motion to Expunge has not yet been resolved. In the event Bayview's claim was expunged, Creditor's lien would then be the only secured claim encumbering the Subject Property and there would be sufficient equity to provide for the claim as wholly secured. As a result, Creditor seeks this Court continue the instant Motion to (1) allow Creditor to obtain an Appraisal, and (2) to allow the Debtor's Motion to Expunge the claim of Bayview Loan Servicing to be heard and determined.

/./.

/./.

/./.

**WHEREFORE**, Creditor respectfully requests:

i) Debtor's Motion to Avoid Lien be denied, as Debtor is not permitted to modify and discharge the rights of a non-Debtor;

ii) In the alternative, that this matter be continued to allow Creditor to obtain an appraisal of the Property, and that Debtor be ordered to respond to the Appraiser's request for access to the Subject Property; and

ii) For such other and further relief as this court deems just and proper.

Dated: February 11, 2019

                                                Aldridge Pite, LLP

                                                */s/ Jenelle C. Arnold*
                                                BY: JENELLE C. ARNOLD, ESQ.
                                                Attorneys for Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)
-------------------------------------------------------X
In Re:

PEARL KATZ,

Case No 18-22861(rdd)

Chapter 13

                    Debtor.
---------------------------------------------------------X

## CERTIFICATE OF SERVICE BY MAIL

      On February 11, 2019, I served a true copy of the **OPPOSITION TO MOTION TO AVOID LIEN** by regular mail, mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Debtor
Perl Katz
19 Calvert Dr.
Monsey NY 10952

Debtor's Attorney
Peter C. Schaefer
313 E. Willow St., Suite 105
Syracuse, NY 13203-1905

Trustee
Krista M. Preuss, Esq., Ch. 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Co-Borrower
Joseph E. Katz
Perl Katz
19 Calvert Dr.
Monsey NY 10952

                                                          /s/ Jenelle C. Arnold
                                                          Jenelle C. Arnold, Esq.